<hr />

## SUPREME COURT.

### HOLBROOK agt. HOMER.

An auctioneer who receives goods for sale, under an agreement that he is to receive for his compensation all over a certain price, reserved by the owner, is liable to arrest under § 179, where he does not pay over the reserved price after sale, according to the agreement, after demand.

A *special motion for an exoneretur to be entered on an undertaking, or that the sureties be discharged from all liability thereon, on the ground that the action is one in which the defendant can not be arrested, is irregular. The object of such a motion can only be obtained under § 204.*

*Albany Special Term, October* 1850. This was a motion for an order that an exoneretur be entered upon the undertaking

Holbrook agt. Homer.

made and filed in the action, or that the sureties be discharged from all liability thereon, upon the ground that the action was one in which the defendant could not properly be arrested.

The following facts appeared in the case: The plaintiff, a resident of New York, sent in July and August 1849, a quantity of engravings, frames, glass and fixtures to the defendant, then an auctioneer doing business at Albany, to be sold; the defendant to have all he could obtain above a certain price reserved, for his commissions in effecting the sales. On the 6th of October 1849, defendant wrote the plaintiff, informing him of the sale of a part of the property, and that the balance was subject to his order; and requesting him to draw on the defendant at thirty days for the reserved prices of the property sold; which the plaintiff did accordingly. The draft was accepted by the defendant but not paid. This action was soon after commenced and the defendant arrested, pursuant to an order granted in the cause and held to bail on the 12th of April 1850. The bail justified before notice of exception, which was afterward served, but the second justification waived by agreement between the parties upon the assent of the sureties to stand as bail.

A. DEAN, for defendant, examined at some length the law applicable to this class of cases, and contended that an auctioneer could not be arrested in such a case; the law did not apply to him in the ordinary transaction of his business, particularly where a draft had been drawn upon time by a party entitled to the proceeds of a sale, and the auctioneer had accepted the draft. Though he failed to pay, the transaction had become a mere matter of contract and credit (see *Code of* 1848, § 154: *Code of* 1849, § 179; 2 *How. U. S. Rep.* 202; 7 *Met. R.* 320; 1 *Code Rep.* 106, White et al. vs. McAllister). Implied trusts exist in all cases, and it would be unsafe to construe the statute to apply to all these, or any other than *express trusts*.

R. H. NORTHROP, for plaintiff, in opposition. The defendant was but the factor, agent or auctioneer of the plaintiff; the property before sale, and the reserved price after, was the property

Holbrook agt. Homer.

of the plaintiff, and the defendant was not authorized to convert it to his own use, without plaintiff's consent. There was no contract made between the parties by which the title to the proceeds of the sale became vested in the defendant for a day, he did not ask permission to use the money and had no right to appropriate it to his own use. He desired the plaintiff to draw for it at thirty days, a reasonable time to collect it in, and no more. His neglect to pay it in the manner proposed did not change the title to it, though he again bound himself to pay by accepting the draft. The answer admits defendant received the money; if it was plaintiff's money, defendant was liable to arrest for not paying it over.

The order asked for can not be granted. If defendant was not liable to an arrest, he should have moved to vacate the order before justification by the bail under § 204 of the Code; the object of this motion can not be attained except under that section, which gives ample relief, if the order is granted improperly or in an improper case. The provisions to exonerate bail do not apply to this case (see § 191).

WATSON, Justice.—I think the defendant was liable to arrest under § 179. If he were not, the object of this motion could only be obtained under § 204. The provisions of the Code (§ 191) as to the exoneration of bail do not apply to this case. The motion must be denied, with ten dollars costs.